UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN DEMONTE HARRISON,<br><br>   Plaintiff,<br><br> v.<br><br>VILLIANUA, et al.,<br><br>   Defendant. | No. 1:23-cv-00872-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION<br><br>(ECF No. 8) |

Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.**

**BACKGROUND**

Plaintiff filed the instant action on June 1, 2023, in the United States District Court for the Eastern District of California, Sacramento Division. On June 7, 2023, the action was transferred to this Court.

On June 8, 2023, the Court ordered Plaintiff to submit the proper application to proceed in forma pauperis or pay the $402.00 filing fee within forty-five days. (ECF No. 6.) Plaintiff failed to comply with the Court order, and an order to show cause why the action should not be dismissed was issued on August 2, 2023. (ECF No. 8.) Plaintiff has not responded to the order to show cause and the time to do so has passed. Accordingly, dismissal is warranted.

**II.**

**LEGAL STANDARD**

Local Rule 110 provides that "[f]ailure...of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions...within the inherent power of the Court." District courts have the inherent power to control their dockets

1

1  and "[i]n the exercise of that power they may impose sanctions including, where
2  appropriate,...dismissal." Thompson v. Hous. Auth., 782 F.2d 829, 831 (9th Cir. 1986).

3      A court may dismiss an action, with prejudice, based on a party's failure to prosecute an
4  action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v.
5  Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v.
6  Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order
7  requiring amendment of complaint); Malone v. U.S. Postal Serv., 833 F.2d 128, 130–33 (9th Cir.
8  1987) (dismissal for failure to comply with court order).

9      In determining whether to dismiss an action, the Court must consider several factors: (1) the
10 public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket;
11 (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on
12 their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421,
13 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

### III.

### DISCUSSION

16     Here, Plaintiff's application to proceed in forma pauperis is overdue, he has not paid the
17 filing fee for this action, and he has failed to comply with the Court's order. The Court cannot
18 effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both
19 the first and second factors weigh in favor of dismissal.

20     The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a
21 presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.
22 Anderson v. Air W., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against
23 dismissal because public policy favors disposition on the merits. Pagtalunan v. Galaza, 291 F.3d
24 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility
25 it is to move a case toward disposition on the merits but whose conduct impedes progress in that
26 direction," which is the case here. In re Phenylpropanolamine (PPA) Products Liability Litigation,
27 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

28 ///

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132–33; Henderson, 779 F.2d at 1424.  The Court's August 2, 2023 order expressly warned the failure to comply with the Court's order would result in a recommendation to dismiss the action. (ECF No. 8.)  Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff has not paid the filing fee, and will likely attempt to proceed in forma pauperis in this action, apparently making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

## IV.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a district judge to this action.

Further, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, without prejudice, for failure to obey a Court order, failure to pay the filing fee, and failure to prosecute this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings"

///

///

on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923

F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **August 28, 2023**

UNITED STATES MAGISTRATE JUDGE